UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| Andy Brown, in his official capacity as Travis County Judge, et al., §§§§ *Plaintiffs*, | |
| v. § | Case No. 1:24-cv-01095-ADA |
| Ken Paxton, in his official capacity as Texas Attorney General, and Jane Nelson, in her official capacity as Texas Secretary of State, §§§§§§ *Defendants*. | |

**ORDER**

Before the Court is Defendants' motion to dismiss Plaintiffs' first amended complaint. Dkt. 14. After carefully considering the parties' arguments and the relevant law, the Court grants Defendants' motion and dismisses this action without prejudice.

**I.**

This case involves a dispute between county and state officials leading up to the 2024 election. Plaintiffs are the Travis County Judge, all members of the Travis County Commissioners Court, and the Travis County Tax Assessor-Collector and Voter Registrar. Dkt. 10, at ¶¶ 12–17. Defendants are the Texas Attorney General and Secretary of State. *Id.* at ¶¶ 18–19.

Plaintiffs brought this action on September 17, 2024, alleging that the Attorney General violated the National Voter Registration Act ("NVRA") by engaging in a vote-suppression campaign and that the Secretary of State improperly allowed

1

the Attorney General to engage in his unlawful conduct. *See id.* at ¶¶ 1–5, 75–77. Plaintiffs provided notice of these NVRA violations to the Secretary on the same day they filed suit. *Id.* at ¶ 78. Plaintiffs later amended their complaint on October 29, 2024. Dkt. 10.

Defendants now move to dismiss this action under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Dkt. 14, at 1. Defendants argue that (1) Plaintiffs' claims fail as a matter of law; (2) Plaintiffs lack statutory standing under the NVRA; (3) sovereign immunity bars Plaintiffs' claims; and (4) Plaintiffs lack Article III standing to bring their claims. *Id.* at ii. Plaintiffs oppose Defendants' motion, arguing that it should be denied on all grounds. Dkt. 17.

## II.

The Court begins with Defendants' argument that Plaintiffs lack statutory standing under the NVRA. *See Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 831 (1999) (noting that statutory standing "may properly be treated before Article III standing"); *see, e.g.*, *Pub. Int. Legal Found., Inc. v. Nago*, No. CV 23-00389 LEK-WRP, 2024 WL 3233994, at *3 n.2 (D. Haw. June 28, 2024) (considering statutory standing before Article III standing in an NVRA case).

The NVRA states that "[a] person who is aggrieved by a violation of this chapter may provide written notice of the violation to the chief election official of the state involved." 52 U.S.C. § 20510(b)(1). If the violation occurred less than 120 days before a federal election and is not corrected within 20 days after the chief election official receives notice, "the aggrieved person may bring a civil action in an

2

appropriate district court for declaratory or injunctive relief with respect to the violation." *Id.* § 20510(b)(2).

Although these provisions use permissive language ("may"), the Fifth Circuit has recognized that notice is "mandatory." *Scott v. Schedler*, 771 F.3d 831, 835 (5th Cir. 2014). When an aggrieved person fails to give the required notice, they do not have standing to sue. *Id.* ("[N]o standing is therefore conferred if no proper notice is given.") (internal citation omitted). Thus, failing to give notice is "fatal" to one's suit. *See id.* at 836.

The only exception to the notice requirement (in the statute at least) is when an election is less than a month away. The NVRA provides that if the violation occurs within 30 days before an election, "the aggrieved person need not provide notice to the chief election official of the State . . . before bringing a civil action." 52 U.S.C. § 20510(b)(3).

Here, Plaintiffs sent notice of the NVRA violations at issue on September 17, 2024. Dkt. 1, at ¶ 78. Because Plaintiffs sent notice less than 120 days before the 2024 election, Plaintiffs were required to wait 20 days for the violations to be corrected. *See* 52 U.S.C. § 20510(b)(2). If the violations were not corrected within that time, Plaintiffs could then bring an action for declaratory or injunctive relief. *Id.* Instead of waiting, however, Plaintiffs filed this suit on the same day they sent notice. Dkt. 1, at ¶ 78.

Plaintiffs offer two reasons for why they did not wait 20 days. Dkt. 17, at 7 n.6. First, Plaintiffs argue that notice would have been futile under the circumstances. *Id.*

3

Second, Plaintiffs argue that the statute's exception for cases filed within 30 days of an election applies because Plaintiffs filed this action within 30 days of the voter-registration deadline. *See id.* The Court disagrees with both arguments.

First, the futility argument lacks textual support and has been all but rejected by the Fifth Circuit. In *Scott*, the Fifth Circuit noted that the futility exception is "wholly devoid of textual support in the statute." 771 F.3d at 836. Although the Court did not explicitly reject the exception, it recognized that failing to give notice deprives a person of standing. *Id.* at 835. Plaintiffs did not provide adequate notice here, so they do not have standing to sue.

Second, the registration argument directly contradicts the statute's text. The notice provision says that an aggrieved person need not provide notice "[i]f the violation occurred within 30 days before the date of an *election* for Federal office." 52 U.S.C. § 20510(b)(3) (emphasis added). This provision says nothing about providing notice before the *registration* deadline for an election. *See id.* Because Plaintiffs brought this action more than 30 days before the 2024 *election*, this case does not fall within the statute's exception.

Next, Plaintiffs argue that their amended complaint, which they filed after the notice period expired, moots Defendants' notice argument. Dkt. 17, at 6. Plaintiffs base this argument on *Foster v. Daon Corp.*, 713 F.2d 148 (5th Cir. 1983).

In *Foster*, the plaintiff brought a claim under the Texas Deceptive Trade Practices Act (DTPA), which has a 30-day notice requirement. *Id.* at 151. When the defendant asserted that the plaintiff failed to provide notice, the plaintiff moved to

4

amend her complaint to drop the DTPA claim. *Id.* This would have allowed the plaintiff to give notice, wait 30 days as required, and then reassert the claim. *Id.* The plaintiff also moved to amend her complaint to add separate DTPA claim. *Id.* at 152. The plaintiff notified the defendant of this claim but did not wait 30 days before seeking to add it to her complaint because she was concerned that the two-year statute of limitations would run before the waiting period expired. *Id.*

The district court denied both motions to amend, but the Fifth Circuit reversed. *Id.* at 151–53. The Fifth Circuit found that none of the normal reasons for denying a motion to amend (such as undue delay or bad faith) were present and that the district court's justifications for denying leave were incorrect. *Id.* Relevant here, the Fifth Circuit rejected the district court's reasoning that the plaintiff's error in failure to give notice the first time was a sufficient justification for denying her the opportunity to correct the error. *Id.* As a result, the Court held that the district court abused its discretion by denying the plaintiff's motion to amend. *Id.*

Although *Foster* arguably supports Plaintiffs' argument, more recent Fifth Circuit precedent limits its reach. In *Boyd Int'l, Ltd. v. Honeywell, Inc.*, 837 F.2d 1312 (5th Cir. 1988), the plaintiff provided notice of a DTPA violation, waited the required 30 days, and then amended an already pending complaint to assert a DTPA claim. *Id.* at 1314. The Court noted that *Foster* offered a degree of support to this maneuver but ultimately held that the plaintiff failed to satisfy the DTPA's notice requirement because "proper notice . . . must be given *before suit is initially brought*." *Id.* at 1314–16. The court reasoned that "to countenance such an entire failure to comply with the

5

Act's notice requirement before bringing suit would frustrate its purpose to encourage settlement and minimize litigation." *Id*. So too here.

The purpose of the NVRA's notice requirement is to "provide states . . . an opportunity to attempt compliance before facing litigation." *Scott*, 771 F.3d at 836 (quoting *Ass'n of Cmty. Orgs. for Reform Now ("ACORN") v. Miller*, 129 F.3d 833 (6th Cir. 1997)). If an aggrieved person is allowed to file suit, provide notice on the same day, and then amend their complaint after the waiting period expires, it would defeat the purpose of the notice provision entirely. *Boyd* rejected this type of work-around in the DTPA context, and this Court finds no reason to allow it here.[1]

Finally, Plaintiffs argue that nothing in the NVRA's notice provision requires them to refile their suit rather than cure by amendment. *See* Dkt. 17, at 9. Plaintiffs are correct that the statute does not explicitly say that they cannot file an amended complaint. 52 U.S.C. § 20510. But the NVRA's notice requirement is mandatory, and failing to provide notice leaves a plaintiff without statutory standing. *See Scott*, 771 F.3d at 835. Because Plaintiffs' lack standing, the Court has no option but to dismiss this case.

### III.

For the foregoing reasons, the Court grants Defendants' motion to dismiss, Dkt. 14, and dismisses this action without prejudice. *See Green Valley Special Util. Dist. v. City of Schertz*, 969 F.3d 460, 468 (5th Cir. 2020) ("Ordinarily, when a

---

[1] Plaintiffs also argue that Defendants violations were ongoing at the time they amended their complaint. Dkt. 17, at 7. But even assuming this is true, it does not excuse Plaintiffs' failure to provide notice before bringing this suit.

6

complaint is dismissed for lack of jurisdiction, including lack of standing, it should be without prejudice.").[2]

**SIGNED** on November 25, 2025.

                                                            ALAN D ALBRIGHT
                                                          UNITED STATES DISTRICT JUDGE

---

[2] Because the Court resolves this motion on Defendants' statutory-standing argument, it does not reach their other arguments for dismissal.